## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| STEPHEN A. ELEY,<br><br>        Plaintiff,<br><br>v.<br><br>DEP'T OF VETERANS AFFAIRS, V.A.<br>INSPECTOR GENERAL, and U.S.<br>OFFICE OF SPECIAL COUNSEL,<br><br>        Defendants. | CIVIL NO. 10-4380 (JNE/TNL)<br><br>**REPORT<br>&<br>RECOMMENDATION** |

Stephen A. Eley, 2320 Colfax Avenue South, Minneapolis, MN 55405, *pro se* Plaintiff;

Mary J. Madigan, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Defendants.

## I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendants' Motion to Dismiss (Docket No. 10). This action has been referred to the magistrate judge for report and recommendation to United States District Court Judge Joan N. Ericksen under 28 U.S.C. § 636 and Local Rule 72.2(b). *See* Docket No. 15. A hearing was held on the motion on January 6, 2012. Assistant United States Attorney Mary J. Madigan appeared on behalf of Defendants. There was no appearance by or on

behalf of Plaintiff.   Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss (Docket No. 10) be **GRANTED** and Plaintiff's Complaint (Docket No. 1) be **DISMISSED**.

## II.   BACKGROUND

### A.   Plaintiff's Present Action

On October 27, 2010, Plaintiff Stephen A. Eley filed his form Complaint (Docket No. 1) against the Department of Veterans Affairs, Veteran Affairs Inspector General, and the United States Office of Special Counsel.  Besides the parties' addresses, the entire filled-in portion of the form Complaint is restated below. The use of italics denotes Plaintiff's handwriting.

> JURISDICTION
>
> The Court has jurisdiction over this action under 28 U.S.C. § 1331.
>
> 3. This employment discrimination lawsuit is based on . . . :
>
> a.  _ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et. seq.*, for employment discrimination on the basis of race, color, religion, gender, or national origin. . . .
>
> b.  _ Age Discrimination in Employment Act of 1967, as amended 29 U.S.C. §§ 621, *et seq.*, for employment discrimination on the basis of age (age 40 or older). . . .
>
> c.  _ American with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, for employment discrimination on the basis of disability.
>
> . . . .

    e. ✓ Other (Please describe):

*Reprisal for Whistleblowing Allegations. Adverse Action was taken against Plaintiff because of enquiries about a Dr. Quentin Anderson Jr.*

    . . . .

ADMINISTRATIVE PROCEDURES

6. Did you file a charge of discrimination against the defendant(s) with the Equal Employment Opportunity Commission or other federal agency?

a. _ Yes     Date filed: _____
b. _ No
    . . . .

NATURE OF CASE

    8. The conduct complained of in this law suit involves . . . :

    . . . .

    f. ✓ Retaliation

    . . . .

    h. ✓ Other conduct (please specify) _____

    i. Did you complain about this same conduct in the charge of discrimination, referred to in number 6 above?

        _ Yes ✓ No

    . . . .

REQUEST FOR RELIEF

State briefly what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking.

*Full restitution of Employment and all financial debt incurred. In addition punitive damages not to exceed three-hundred thousand dollars, and a[n] apology.*

Docket No. 1.

Summonses were issued, but there is no record of the summons and complaint being served. Nevertheless, on May 19, 2011, Defendants filed their Answer (Docket No. 4). On July 11, 2011, this Court issued its Pretrial Scheduling Order (Docket No. 9). On November 18, 2011, Defendants filed their Motion to Dismiss (Docket No. 10), arguing (1) Plaintiff's claim must be dismissed because he failed to follow the Whistleblower Protection Act's administrative procedures; (2) the Court lacks personal jurisdiction over Defendant because Plaintiff failed to serve the Attorney General of the United States; and (3) Plaintiff's claims are barred by the doctrine of res judicata.

A hearing was held on Defendants' motion on January 6, 2012. Following the hearing on Defendant's motion, chambers received two e-mails from Plaintiff Stephen Eley.[1] Both e-mails were entitled "failed to appear at motion to dismiss hearing." The first e-mail, dated January 12, 2012, at 1:02 p.m. stated:

> I'm very sorry for not appearing at the schedule (sic) hearing on January sixth two thousand.and (sic) twelve. I take full responsibility for my oversight regarding the order and, there's no excuse. However, as plaintiff I regret missing the opportunity to state the true facts surrounding this matter and

---

[1] Both e-mails are quoted in the text of this opinion, but they have not been filed.

> having the pleasure of meeting Mr. Quentin Anderson. Judge Leung. I truly hope my absents (sic) doesn't have any influence on your decision in this matter because, it is my intention to follow all the rules concerning the courts.

The second e-mail, dated January 13, 2012, at 1:03 p.m., restated his previous e-mail and added the following:

> . . . Moreover, with the courts (sic) permission, Plaintiff would seek to file a Motion to Compel the witnesses [b]ecause, defense would not agree to a date for taking depositions before the dismissal hearing. [I]n addition, possibly, suspending your decision until witnesses give testimonies. Please forgive any inconvenience caused on my behalf.

### B.  Plaintiff's Prior Action

This is the second action that Plaintiff has brought against the Department of Veteran's Affairs. *See Stephen A. Eley v. U.S. Department of Veterans Affairs*, Civil No. 03-6555 (JRT/FLN) (D. Minn. Dec. 29, 2003). Plaintiff's prior action was an "employment discrimination suit, claiming the Department of Veterans Administration Medical Center (VAMC) retaliated against him when it terminated his employment in 2002." *Id.* at Docket No. 41; Report & Recommendation, at 1 (Oct. 13, 2005). Plaintiff alleged "that the VAMC reassigned, suspended and terminated him in retaliation for his prior EEO activity, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*" *Id.* at 6. In that action, the Department of Veterans Affairs moved for summary judgment, which was granted "because Defendant . . . offered legitimate, non-retaliatory reasons to terminate Plaintiff's employment and Plaintiff . . . offered no evidence that

those reasons are pretextual."[2] *Id.* at 9; *see also* Docket No. 43; Order Adopting Report & Recommendation, (Jan. 25, 2006). The District Court's order of summary judgment was affirmed by the United States Eighth Circuit Court of Appeals. *See Stephen A. Eley v. U.S. Department of Veterans Affairs*, No. 06-1842 (8th Cir. Sept. 20, 2007). Plaintiff's petition for a writ of certiorari was denied. *See Eley v. Department of Veterans Affairs*, 554 U.S. 904, 128 S.Ct. 2950 (2008).

### C. Proceedings before the MSPB

On August 4, 2009, Plaintiff filed an Individual Right of Action pursuant to the Whistleblower Protection Act of 1989 (WPA) with the Merit Systems Protection Board (MSPB) Central Regional Office. *See Stephen A. Eley v. Department of Veterans Affairs*, Docket No. CH-1221-09-0819-W-1, 2009 WL 5252098 (MSPB, Dec. 2, 2009). Plaintiff claimed "that on November 1, 2002, he had been removed from his position as a Housekeeping Aid with the Agency's medical center in Minneapolis, Minnesota in retaliation for engaging in protected activities." *Id.* Administrative Judge Scott D. Coope dismissed Plaintiff's action under the doctrine of res judicata because:

> On April 21, 2003, [Eley] filed an appeal with the Board challenging his November 1, 2002 removal from his position as a housekeeping aid. On August 22, 2003, Judge Howard Ansorge issued an initial decision in Eley v. Department of Veterans Affairs, MSPB Docket Number CH-0752-03-0492-

---

[2] Plaintiff was reassigned to another unit following his harassing behavior towards a female employee, *id.* at 10; Plaintiff was suspended for failure to attend an Administrative Investigative Board hearing regarding the harassment allegations, *id.* at 10-11; and Plaintiff was terminated for his harassing behavior and actions he took as a result of the ensuing investigation. *Id.* at 11.

>I-1 (2003),[3] affirming the Agency's removal action. That decision became final on September 26, 2003. Thus, the Board has issued a final decision on the merits of [Eley's] removal. That case involved the same parties and the same cause of action ([Eley's] removal) as the instant case. While [Eley] did not raise whistleblower discrimination in his initial appeal, he could have done so.

*Id.* (footnote added).

## III.   ANALYSIS

Defendants moved under Federal Rule of Civil Procedure 12(b)[4] to dismiss for lack of subject matter jurisdiction, insufficient service of process, lack of personal jurisdiction, and failure to state a claim upon which relief may be granted. For the reasons set forth below, this Court recommends that Defendants' motion to dismiss be granted.

---

[3] *See Stephen A. Eley v. Department of Veterans Affairs*, Docket No. CH-0752-03-0492-I-1, 2003 WL 22021370 (MSPB Aug. 22, 2003).

[4] "[A] party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; . . . (4) insufficient process; (5) insufficient service of process; and (6) failure to state a claim upon which relief can be granted . . ." Fed. R. Civ. P. 12(b). Federal Rule of Civil Procedure 12(b) states that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Read literally, this language would preclude Defendants' present motion for lack of personal jurisdiction and insufficient process. But, Rule 12(h)(1) states: "A party waives any defense listed in Rule 12(b)(2)–(5) by: . . . (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." It is difficult to reconcile 12(h)(1)(B) with Rule 12(b)'s requirement that a motion under Rule 12(b)(2), 12(b)(3), 12(b)(4), and 12(b)(5) must precede any pleading. Rule *See Pope v. Elabo GmbH*, 588 F. Supp. 2d 1008, 1013 (D. Minn. 2008) (noting the same). Nevertheless, this Court finds no prejudice in considering Defendants' motion because Defendants raised all of these defenses within their answer and Plaintiff filed no opposition to Defendants' motion.

### A. Plaintiff's Request for a Motion to Compel or Continuance

Plaintiff's e-mail, date January 13, 2012, requested a Motion to Compel or a continuance. Plaintiff has neither adhered to the Rules of Civil Procedure nor the Local Rules in seeking his motion to compel. The time for filing such a discovery motion has passed. *See* Pretrial Scheduling Order (July 11, 2011); Docket No. 9. Furthermore, Plaintiff's time to respond to Defendants' motion was set forth in Local Rule 7(b). Plaintiff failed to respond and failed to seek a continuance before the date of the hearing. *See* Fed. R. Civ. P. 6(b). Therefore, no continuance is warranted. Nevertheless, Plaintiff's failure to appear at the hearing on Defendants' motion has not influenced this Court's decision.

### B. Administrative Remedies and Lack of Subject-Matter Jurisdiction

Defendants move to dismiss Plaintiff's claim under the WPA, arguing that Plaintiff failed to exhaust his administrative remedies prior to bring the present action; therefore, this Court lacks subject matter jurisdiction. For the reasons set forth below, this Court concludes that it lacks subject-matter jurisdiction over Plaintiff's Complaint and it should be dismissed accordingly.

The WPA prohibits a government from taking personnel action against an employee because of "any disclosure of information by [the] employee . . . which the employee . . . reasonably believes evidences a violation of any law, rule, or regulation, or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8).

> Under the procedures set forth in Title 5 of the U.S. Code, an employee who believes she is the victim of an unlawful reprisal [for whistleblowing activity] must first bring [his] claim to the [Office of Special Counsel (OSC)], which investigates the complaint. If the OSC finds that there was a prohibited personnel action as defined by § 2302, it reports its findings to the MSPB, and it can petition the MSPB on the employee's behalf. If the OSC finds no agency wrongdoing, then the employee herself may bring an action before the MSPB.

*Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002) (citations omitted); *see also* 5 U.S.C. § 1214(a)(1)(A) (providing that an employee must first bring a WPA violation to the OSC); *id.* at § 1214(a)(3) (providing that an employee must appeal the OSC's decision to the MSPB). The MSPB lacks jurisdiction to consider an employee's complaint unless the employee first exhausts his administrative remedies before the OSC. *Huffman v. Office of Personnel Management*, 263 F.3d 1341, 1347 (Fed. Cir. 2001). Judicial review of an MSPB decision must generally be filed in the United States Court of Appeals for the Federal Circuit.[5] 5 U.S.C. § 7703(b)(1); *see also* 28 U.S.C. § 1295(a)(9); 38 U.S.C. § 4324(d)(1). "Under no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." *Stella*, 284 F.3d at 142.

---

[5] When the MSPB has reached the merits of a discrimination claim under the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c)), the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), then the district court has jurisdiction. *See* 5 U.S.C. § 7703(b)(2); *Kloeckner v. Solis*, 639 F.3d 834, 838 (8th Cir. 2011). These provisions are inapplicable to the present action because Plaintiff's Complaint explicitly does not come under any of these provisions.

In the present case, Plaintiff has not alleged that he appealed any decision by the OSC to the MSPB.[6] Even assuming that his action before the AJ constituted an appeal of an OSC decision and a final order of the MSPB,[7] only the United States Court of Appeals for the Federal Circuit has jurisdiction to consider his appeal because there is nothing in his Complaint to suggest that Plaintiff is bringing a discrimination claim under 5 U.S.C. § 7703(b)(2). *DeSantis v. Napolitano*, 716 F.Supp.2d 1100, 1113 (D. N.M. 2010) ("Appeals of MSPB Final Orders that do not include claims of unlawful discrimination can be filed only in the Federal Circuit."). Therefore, this Court lacks jurisdiction to consider Plaintiff's Complaint and it should be dismissed accordingly. *See Ivey v. Paulson*, 222 Fed. App'x. 815, 819 (11th Cir. 2007) (affirming dismissal because district court lacked subject matter jurisdiction under 5 U.S.C. §§ 7703(b)(1) and 7703(b)(2)); *Meuse v. Department of Veterans Affairs*, Civil Action No. 09-11832-NG, 2010 WL 2302331, at *1-2 (D. Mass. June 8, 2010) (granting motion to dismiss a WPA claim for lack of subject matter jurisdiction).

---

[6] This Court conducted a search of MSPB decisions using the following databases available on Westlaw: Personnet MSPB Multibase (PNET-MSPB), Federal Labor & Employment - Merit Systems Protection Board (FLB-MSPB), Federal Labor & Employment - Merit Systems Protection Board Headnotes (FLB-MSPB-HN), Federal Labor & Employment - Merit Systems Protection Board Initial Decisions (FLB-MSPBI), Merit Systems Protection Board - Court Cases (MSPB-CS). The only possible cases relating to Plaintiff are those discussed in § II.C of this Report and Recommendation.

[7] The initial decision of an AJ becomes final 35 days after issuance when there is no petition for review. 5 C.F.R. § 1201.113(a); *see also Bennett v. Merit Systems Protection Bd.*, 635 F.3d 1215, 1217 -1218 (Fed. Cir. 2011).

C. **Insufficient Service and Lack of Personal Jurisdiction**

In the event the Court does not adopt the recommendation set forth in § III.B of this Report and Recommendation, this Court recommends that Plaintiff's Complaint be dismissed for insufficient service of process and lack of personal jurisdiction.

If a defendant is "improperly served, the district court lacked jurisdiction over that defendant whether or not it had actual notice of the lawsuit." *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 885-86 (8th Cir. 1996).  Federal Rule of Civil Procedure 4(i) requires that, to serve the United States, a party must deliver (or send by registered or certified mail) a copy of the summons and complaint to the United States attorney for the district and send a copy of the summons and complaint to the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1). To serve a United States agency, corporation, or officer, a party must serve the United States in the manner described above and send a copy of the summons and complaint by registered or certified mail to the agency, corporation, or officer. *Id.* at 4(i)(2)-(3). "Unless service is waived, proof of service must be made to the court. . . . [P]roof must be by the server's affidavit." *Id.* at 4(*l*)(1).  "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* at 4(m).

In the present matter, Defendant was improperly served. Plaintiff filed the Complaint on October 27, 2010, and on that same day, summons were issued to the U.S. Office of Special Counsel, the VA Inspector General, Veterans Affairs, U.S. Attorney,

and U.S. Attorney General. The record contains no affidavit of service or record of service in this matter. Counsel for Defendants attests that Plaintiff mailed a copy of the summons and complaint to the United States Attorney for the District of Minnesota on March 22, 2011; however, Plaintiff failed to serve the Attorney General of the United States. *See* Def.'s Mem. at 9, Nov. 18, 2011; Decl. Randy C. Wilson ¶ 3, Nov. 17, 2011. Plaintiff failed to serve the Attorney General of the United States and more than 120 days has passed since the Complaint was filed; therefore, the Court lacks personal jurisdiction over the Defendants and his Complaint should be dismissed accordingly.

### D.     Res Judicata

Having concluded that this Court lacks subject matter and personal jurisdiction, this Court declines to reach Defendants' res judicata arguments. This Court also declines to reach Defendants' res judicata arguments because, in light of the state of the Complaint, motion practice under Fed. R. Civ. P. 12(e) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), should precede consideration of any res judicata arguments in this matter.

## IV.   RECOMMENDATION

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss (Docket No. 10) be **GRANTED**;
2. Plaintiff's Complaint (Docket No. 1) be **DISMISSED**; and

3. The Clerk of Court be directed to enter judgment accordingly.

Dated: February 27, 2012

        *s/ Tony N. Leung*
Magistrate Judge Tony N. Leung
United States District Court

CIVIL NO. 10-4380 (JNE/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **March 13, 2012**.